IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAINT MARKS' MISSIONARY CHAPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00387 |
| ) | |
| WILSON DAVIDSON COUNTY LOCAL ) | JUDGE TRAUGER |
| GOVERNMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

The complaint filed in this action identifies the plaintiff as "Saint Marks' Chapel of Minnesota-Tennessee." (Docket Entry No. 1, at 1.) It is signed by "John Mark Nee," who identifies himself as "Administerstrative Judge of The Law Institute of Minnesota-Tennessee." (*Id.* at 2, 3.)

Rule 11(a) of the Federal Rules of Civil Procedure requires every pleading submitted to a federal court to be signed by an attorney or by a party proceeding pro se. Investigation by the court's staff indicates that no one named John Mark Nee is licensed to practice law in Tennessee or Minnesota, and no such person has been admitted to practice law in this Court as required by Local Rule 83.01.

An individual not licensed to practice law is not permitted to represent anyone other than himself, including other natural persons or "artificial entities" such as corporations, partnerships or associations. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007); *Moore v. Warren*, No. 13-CV-11831, 2014 WL 1464404, at *3 (E.D. Mich. Apr. 15, 2014). Under 28 U.S.C. § 1654, such artificial entities may not "appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

Accordingly, the complaint signed and filed by John Mark Nee on behalf of Saint Marks' Chapel is in violation of Rule 11(a) of the Federal Rules of Civil Procedure and cannot form the basis of any action in this court. Because the plaintiff in this action is an artificial entity that cannot simply re-file or amend its complaint pro se, there is no way to cure this fatal deficiency short of having a licensed attorney admitted to practice in this court re-file the pleading.

Accordingly, this action will be **DISMISSED** without prejudice to the plaintiff's ability to re-file its complaint in a manner that complies with Rule 11 of the Federal Rules of Civil Procedure.

Aleta A. Trauger
United States District Judge